IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JEFF HAWN and<br>JENELL HAWN,<br><br> Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br>D/B/A MR. COOPER,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO.<br>)<br>) Removed from Columbia County<br>) Case no: 2021ECV0516<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar" or "Defendant"), by and through counsel, hereby removes this action from the Superior Court of Columbia County, Georgia to the United States District Court for the Southern District of Georgia, Augusta Division. Removal is based on diversity jurisdiction because Plaintiffs Jeff Hawn and Jenell Hawn (collectively "Plaintiffs") and Nationstar have complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice, Nationstar states as follows:

## I. This Notice of Removal is Timely Filed in the Proper Venue.

1. This case was originally filed by Plaintiffs in the Superior Court of Columbia County, Georgia on August 5, 2021. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as <u>Exhibit A</u>.

2. The United States District Court for the Southern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

3. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit Court found that "other paper" under § 1446(b) included "responses to request for admissions, <u>settlement offers</u>, interrogatory responses, deposition testimony, demand letters, and email estimating damages." (emphasis added).

2

5. On January 12, 2022, Plaintiffs' counsel sent correspondence to Nationstar's counsel stating "Here is my client's initial offer to settle. I have made a spreadsheet showing what I think all of the relevant numbers are in this matter. …My calculation of damages is based on Interest to be paid on Nationstar's mortgage and the junior mortgage from the date of Breach (5/1/2020) through maturity of the respective loans, $98,295.00. That number then multiplied by 1.5 to account for punitive and emotional distress damages, totaling $147,442.50." [Exhibit B]. Plaintiffs' demand correspondence provides specific information, including, but not limited to, an excel document of how they value their claims. [Exhibit B]. This was the first paper from which Nationstar could ascertain that this case exceeded the amount-in-controversy threshold to qualify as removable under diversity-of-citizenship jurisdiction.

6. The removal of this action to this Court is timely under U.S.C. § 1446(b) because it is filed within 30 days of service of the January 12, 2022 settlement correspondence. *See* 28 U.S.C. § 1446(b)(2)(B).

3

## II. This Court Has Diversity Jurisdiction

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Nationstar have complete diversity of citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a) (2010).

8. Plaintiffs are citizens of Evans, Georgia, and the real property referenced in this action is located in Evans, Georgia. [Doc. 1-1, p. 1].

9. Defendant Nationstar is a Delaware limited liability company. Nationstar is an indirect, wholly owned subsidiary of a publicly-traded company, Mr. Cooper Group Inc. (formerly known as WMIH Corp.) ("Mr. Cooper"), a Delaware corporation. Nationstar is directly owned by two entities: (1) Nationstar Sub1 LLC ("Sub1") (99%) and (2) Nationstar Sub2 LLC ("Sub2") (1%). Both Sub1 and Sub2 are Delaware limited liability companies. Sub1 and Sub2 are both 100% owned by Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a wholly owned subsidiary of Mr. Cooper. More than 10% of the stock of Mr. Cooper is owned by Blackrock, Inc. a Delaware corporation, and certain of its affiliates.

10. Thus, for purposes of diversity, Nationstar respectfully states that it is a citizen of Delaware and Texas (where its principal place of business is), demonstrating complete diversity from Plaintiffs. *See Tonea v. Nationstar Mortg*.

4

LLC, No. 1:16-CV-3009-WSD-JKL, 2017 WL 9474221, at *4 (N.D. Ga. Jan. 11, 2017), report and recommendation adopted, No. 1:16-CV-3009-WSD, 2017 WL 406982 (N.D. Ga. Jan. 31, 2017)("Nationstar is a citizen of Delaware and Texas because NSM Holdings—which is the sole member of Sub1 and Sub 2, which in turn are the members of Nationstar itself—is a Delaware corporation with its principal place of business in Texas.").

11. Therefore, complete diversity of citizenship exists between Plaintiffs and Nationstar.

### III. Amount in Controversy

12. Although Nationstar denies that Plaintiffs are entitled to recover any amount and specifically denies that Plaintiffs are entitled to the relief in the various forms sought, the allegations in this case place in controversy more than $75,000.00.

13. In the Complaint, Plaintiffs sought an unspecified amount of general and special damages, punitive damages, and attorney's fees. [Doc. 1-1, generally].

14. On January 12, 2022, Plaintiffs' counsel sent correspondence to Nationstar's counsel stating "Here is my client's initial offer to settle. I have made a spreadsheet showing what I think all of the relevant numbers are in this matter. …My calculation of damages is based on Interest to be paid on Nationstar's

5

mortgage and the junior mortgage from the date of Breach (5/1/2020) through maturity of the respective loans, $98,295.00. That number then multiplied by 1.5 to account for punitive and emotional distress damages, totaling $147,442.50." [Exhibit B]. Plaintiffs' demand correspondence provides specific information, including, but not limited to, an excel document of how they value their claims. [Exhibit B]. This was the first paper from which Nationstar could ascertain that this case exceeded the amount-in-controversy threshold to qualify as removable under diversity-of-citizenship jurisdiction.

15. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Specifically, a defendant must only show that plaintiff's claims "more likely than not" exceed $75,000.00. *Armstead v. Allstate Prop. & Cas. Ins. Co*., 2014 WL 6810727 (N.D. Ga. 2014).

16. A court may rely on other evidence, as well as reasonable inferences and deductions drawn from it, to determine if the defendant has carried its burden

6

to show that the jurisdictional amount more likely than not exceeds $75,000.00. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744 (11th Cir. 2010).

17. A determination of the amount in controversy is not confined to the face of the complaint like a determination of federal question jurisdiction; rather, the Court may examine additional evidence. *See Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000).

18. A defendant may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable.

19. In *Lowery v. Alabama Power Co*., 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit Court found that "other paper" under § 1446(b) included "responses to request for admissions, <u>settlement offers</u>, interrogatory responses, deposition testimony, demand letters, and email estimating damages." (emphasis added).

20. Where a settlement demand presents specific information supporting a demand amount above $75,000.00, the demand establishes the required amount in controversy. *See Lowery v. Alabama Power Co*., 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007) (finding that an "email estimating damages" qualifies as "other paper" within the meaning of 28 U.S.C. § 1446(b)(3)); *Murray v. ILG Techs., LLC*, No.

7

4:18-CV-110, 2018 WL 7283266, at *2 (S.D. Ga. June 8, 2018)("Plaintiff's May 2, 2018 [settlement] email commenced a thirty-day period in which Defendants had an opportunity to remove the case, pursuant to 28 U.S.C. § 1446(b)(3). By filing their notice of removal on May 11, 2018, Defendants complied with the requirements of 28 U.S.C. § 1446(b). This Court has jurisdiction to hear the case."); *Patel v. Kroger Co.,* No. 1:13-CV-02901-JOF, 2013 WL 12068988, at *2 (N.D. Ga. Nov. 12, 2013)("Plaintiff's response to defense counsel's request for a settlement demand is 'other paper.' Furthermore, there is no dispute that Defendant filed its removal notice within 30 days of receiving the $1,400,000 settlement demand from Plaintiff. Nor is there any dispute that a $1,400,000 settlement demand is sufficient on its own to meet the $75,000 jurisdictional threshold."); *Pub. Serv. Towers, Inc. v. Best Buy Stores, L.P.,* 28 F. Supp. 3d 1313, 1314 (M.D. Ga. 2014)("Public Service submitted a settlement demand of $160,000 to Best Buy on March 17, 2014, and Best Buy filed its notice of removal within thirty days of receiving that demand. According to Best Buy, the settlement demand is an honest assessment of the value of Public Service's claim. The Court therefore assumes for purposes of this motion that the settlement demand is an other paper from which it may first be ascertained that the case ... has become removable."); *Taylor v. Foremost Ins. Co.,* No. 5:15-CV-00164 (LJA), 2016 WL 11083156, at *4 (M.D.

8

Ga. June 24, 2016)(holding that a "Defendant is not required to second guess Plaintiff as to the amount in controversy.").

21. Federal Rule of Evidence 408, which makes an offer of compromise inadmissible, does not preclude defendant from using a demand letter to establish the amount in controversy for removal purposes. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

22. On January 12, 2022, Plaintiffs' counsel sent correspondence to Nationstar's counsel stating "Here is my client's initial offer to settle. I have made a spreadsheet showing what I think all of the relevant numbers are in this matter. …My calculation of damages is based on Interest to be paid on Nationstar's mortgage and the junior mortgage from the date of Breach (5/1/2020) through maturity of the respective loans, $98,295.00. That number then multiplied by 1.5 to account for punitive and emotional distress damages, totaling $147,442.50." [Exhibit B]. Plaintiffs' demand correspondence provides specific information, including, but not limited to, an excel document of how they value their claims. [Exhibit B]. This was the first paper from which Nationstar could ascertain that this case exceeded the amount-in-controversy threshold to qualify as removable under diversity-of-citizenship jurisdiction. This paper, which indicates it was written for the purpose of furthering settlement discussions constituted an "other

9

paper" under 28 U.S.C. § 1446(b)(3). The January 12, 2022 settlement demand meets the amount-in-controversy threshold to qualify as removable under diversity-of-citizenship jurisdiction. Plaintiffs have made a demand that clearly exceeds the jurisdictional threshold. This settlement demand shows that Plaintiffs are seeking well in excess of $75,000.00 in this case.

23. The Complaint also seeks punitive damages, which, as a matter of law, this Court considers in its analysis when determining the jurisdictional amount in controversy in diversity cases. *See Odouk v. Saint Leon Univ., Inc.*, 2010 WL 11507607, at *9 (N.D. Ga. 2010) ("Additionally, plaintiff's complaint seeks compensatory, exemplary, general, and special damages, as well as a foundation for the imposition of punitive damages, which, notwithstanding plaintiff's assertions to the contrary, may be considered when determining the amount in controversy."); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (considering punitive damages in calculation of amount in controversy).

24. The Complaint also seeks attorney's fees, which, as a matter of law, this Court considers in its analysis when determining the jurisdictional amount in controversy in diversity cases. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001) (considering attorneys' fees in calculation of amount in controversy);

10

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079-80 (11th Cir. 2000) (same); Byars *v. Hartford Cas. Ins. Co.*, No. 4:09-CV-81 (CDL), 2009 WL 3077128, at *1 (M.D. Ga. Sept. 23, 2009) (counting plaintiff's claim for attorneys' fees in calculating the amount in controversy); 28 U.S.C.A. § 1332(a); *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406 (N.D. Ga. 1988).

25. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between the parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Columbia County, Georgia, Nationstar is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Southern District of Georgia, Augusta Division.

### IV. Conclusion

26. With this Notice of Removal, Nationstar will file a copy of the Notice with the Superior Court of Columbia County, Georgia.

27. In filing this Notice of Removal, Nationstar does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

WHEREFORE, Nationstar files this Notice of Removal and removes the civil action to the United States District Court for the Southern District of Georgia.

This 18th day of January, 2022.

    /s/ Allison Rhadans
    Allison Rhadans
    Georgia Bar No. 940557
    McGuireWoods LLP
    1230 Peachtree Street, NE
    Promenade II, Suite 2100
    Atlanta, Georgia 30309-3534
    (404) 443-5700 (Telephone)
    ARhadans@mcguirewoods.com
    *Attorney for Defendant Nationstar Mortgage LLC dba Mr. Cooper*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JEFF HAWN and <br> JENELL HAWN, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, <br> D/B/A MR. COOPER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE <br> ) NO. <br> ) <br> ) Removed from Columbia County <br> ) Case no: 2021ECV0516 <br> ) <br> ) <br> ) <br> ) |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on the undersigned date, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on the following individuals via First-Class Mail, postage prepaid, addressed to:

Bowen Klosinski, Esq.
Klosinski Overstreet LLP
1229 Augusta West Parkway
Augusta, GA 30909

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 18th day of January, 2022.

13

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorney for Defendant Nationstar Mortgage LLC dba Mr. Cooper*